Michele R. Stafford, Esq. (SBN 172509)
Luz E. Mendoza, Esq. (SBN 303387)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: lmendoza@sjlawcorp.com

Attorneys for Plaintiffs, District Council 16 Northern California Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GUSTAVE ENTERPRISE INCORPORATED, a California Corporation, dba CREATIVE FLOOR COVERINGS SALES AND SUPPLIES aka CREATIVE FLOOR COVERING <br><br> Defendant. | Case No. 4:18-cv-04629-HSG <br><br> **JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that Judgment shall be entered in the within action in favor of Plaintiffs District Council 16 Northern California Health and Welfare Trust Fund, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Gustave Enterprise Incorporated, a California Corporation, dba Creative Floor Coverings Sales and Supplies aka Creative Floor Covering (Collectively "Defendant" or "Creative Floor Covering"), as follows:

1. Defendant Creative Floor Covering is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

1

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:18-cv-04629-HSG**

2. Joseph Gustave McCallum confirms that he is the RMO/CEO/President of Creative Floor Covering, and is authorized to enter into this Stipulation on behalf of Creative Floor Covering.

3. Joseph Gustave McCallum ("Guarantor") also confirms that he is personally guaranteeing the amounts due herein and confirms that he shall be added as a Defendant to the above-captioned action. Defendant Joseph Gustave McCallum and Defendant Creative Floor Covering (collectively "Defendants") specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which either Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

4. Defendants are currently indebted to the Trust Funds as follows:

| **Audit (January 1, 2015 through December 31, 2017)** | |
|---|---:|
| Principal Contributions: | $33,777.36 |
| Liquidated Damages (20%) | $6,755.47 |
| 5% Interest (through 4/30/19) | $4,106.50 |
| Audit Fees: | $3,938.00 |
| **Subtotal (amounts above):** | **$48,577.33** |
| Attorneys' Fees (through 4/18/19): | $12,385.00 |
| Costs (through 4/18/19): | $723.17 |
| **TOTAL DUE:** | **$61,685.50** |

## REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

5. **Notice requirements** pursuant to the terms of this Stipulation are as follows:

   a) <u>Notices to Defendants</u>: Joseph Gustave McCallum, Creative Floor Covering, c/o Edward Lai, Esq. Law Office of Edward M. Lai; 8055 Collins Drive, Suite 203; Oakland, CA 94621; elai@edwardlailaw.com

   b) <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corp., 1141 Harbor Bay Parkway, Suite 100, Alameda, CA 94502; email: mstafford@sjlawcorp.com

6. The requirements pursuant to the terms of this Stipulation are as follows:

  a) **Monthly Payments**: Defendants shall pay the amount of **$54,930.03**, representing all of the above amounts, less liquidated damages in the amount of $6,755.47.

    i) Payments in the amount of **$1,265.00 per month** shall begin on May 15, 2019, and continue on or before the 15th day of each month thereafter **for a period of 48 months**. Plaintiffs may require that Defendants pay electronically by ACH/wire transfer, or by cashier's check.

    ii) Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

    iii) Payments shall be applied first to interest, at the rate of 5% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on May 1, 2019.

  b) **Contributions:** Beginning with contributions due for hours worked by Defendants' employees during the month of March, 2019, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

  c) **Job Report:** Beginning with the month of March, 2019, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

  d) **Audit:** Defendants shall immediately comply with an audit of Defendants' payroll records for the period from January 1, 2018 through the present, pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements. Defendants must contact the auditor **within seven days** of the date that this Stipulation is executed, and must schedule the audit as requested and provide all required documents. Failure to comply with this provision shall constitute a default of the terms herein.

    i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In

the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

        ii)      In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

        iii)      If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

        iv)      Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

    e)    **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

7.    In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

//
//
//
//
//
//
//
//

4

JUDGMENT PURSUANT TO STIPULATION
Case No.: 4:18-cv-04629-HSG

C:\Users\rileyn\AppData\Local\Temp\notes06E812\Judgment Pursuant to Stipulation.docx

| Required Submissions | Delivery deadlines[1] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $1,265.00 per month** payable to *District Council 16 Northern California Trust Funds* | 15th day of each month (5/15/19 – 4/15/23) | Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, Ste 100, Alameda, CA 94502 |
| **Current contribution reports and payments** payable to *District Council 16 Northern California Trust Funds* | 15th day of each month (beginning 4/30/19 for 3/19 hours. Thereafter continuing on the 15th of the month i.e. 5/15/19 for 4/19 hours) | District Council 16 Northern California Trust Funds P.O Box 4816 Hayward, CA 94540  Plus copies to: compliance@sjlawcorp.com (subject: "Creative Floor Covering"); or Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, Ste 100, Alameda, CA 94502 |
| **Completed job reports** (form attached as Exhibit A to Stipulation)  **and Certified Payroll** (if requested) | 15th day of each month (beginning 4/30/19 for 3/19 hours. Thereafter continuing on the 15th of the month i.e. 5/15/19 for 4/19 hours) | compliance@sjlawcorp.com (subject: "Creative Floor Covering") or Michele R. Stafford Saltzman & Johnson Law Corp. 1141 Harbor Bay Parkway, Suite 100 Alameda, CA 94502 |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

9. If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default ***within seven (7) days of the date of the notice from Plaintiffs***. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include

---

[1] If the Stipulation has not been fully satisfied by 4/15/23, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

any additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

10. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## **MISCELLANEOUS PROVISIONS**

12. The above requirements remain in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendants have no work to report during a given month, Defendants shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions to report, Defendants shall submit the applicable contribution report stating "no employees." If Defendants both properly terminate its contract with the Union **and** inactivates its account with the Trust Funds, and Plaintiffs' Counsel receives official notice of same from the Union and Trust Funds, then the requirement for Defendants to submit monthly contribution reports and monthly job reports on behalf of Defendants pursuant to this stipulation shall terminate.

13. Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a

JUDGMENT PURSUANT TO STIPULATION
Case No.: 4:18-cv-04629-HSG

C:\Users\rileyn\AppData\Local\Temp\notes06E812\Judgment Pursuant to Stipulation.docx

release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

14. Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on April 15, 2023.

15. Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.

16. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

17. The parties agree that any payments made pursuant to the terms of this Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

18. Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

19. This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

20. This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by

7
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: 4:18-cv-04629-HSG

C:\Users\rileyn\AppData\Local\Temp\notes06E812\Judgment Pursuant to Stipulation.docx

all parties hereto.

21. This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

22. Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

23. The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

DATED: April 19, 2019      **CREATIVE FLOOR COVERING, a California Corporation**

By: _____
Joseph Gustave McCallum, RMO/CEO/President of Defendant Creative Floor Covering

DATED: April 19, 2019      **JOSEPH GUSTAVE MCCALLUM**

By: _____
Joseph Gustave McCallum, individual Defendant and Guarantor

DATED: April 19, 2019      **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Robert Williams
Trustee of Plaintiff Trust Funds

DATED: April 19, 2019      **DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.**

By: _____
Daryl Stacy
Trustee of Plaintiff Trust Funds

**APPROVED AS TO FORM:**

DATED: April 19, 2019                    **LAW OFFICES OF EDWARD LAI**

                                         By: _____
                                         Edward Lai, Esq.
                                         Attorneys for Defendants and Guarantor

DATED: April 19, 2019                    **BURNHAM AND BROWN**

                                         By: _____
                                         Aimee Hamoy Esq.
                                         Attorneys for Defendants and Guarantor

DATED: April 19, 2019                    **SALTZMAN AND JOHNSON LAW CORPORATION**

                                         By: _____
                                         Michele R. Stafford, Esq.
                                         Attorneys for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

DATED: April 25, 2019

_____
UNITED STATES DISTRICT COURT JUDGE

### Exhibit A: JOB REPORT FORM
### Completed Forms Due by the last business day of each month
by email to compliance@sjlawcorp.com (subject line: *Creative Floor Covering*) , or delivered to Saltzman & Johnson, 1141 Harbor Bay Parkway, Ste. 100, Alameda, CA 94502

**Employer: CREATIVE FLOOR COVERING.**
Report for the month of _____, 20__ Submitted by: _____

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | | **Project Manager Name:** |
| **Project Manager Phone #:** | | **Project Manager email address:** |
| **Contract #:** | | **Contract Date:** |
| **Total Contract Value:** | | |
| **Work Start Date:** | | **Work Completion Date:** |
| **Project Bond #:** | | **Surety:** |

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | | **Project Manager Name:** |
| **Project Manager Phone #:** | | **Project Manager email address:** |
| **Contract #:** | | **Contract Date:** |
| **Total Contract Value:** | | |
| **Work Start Date:** | | **Work Completion Date:** |
| **Project Bond #:** | | **Surety:** |

***Attach additional sheets as necessary***

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: 4:18-cv-04629-HSG**